IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES PITT

    Plaintiff

v.    Civil No. PJM 10-1781

EDWARD S. COHN, et al.

    Defendants

## MEMORANDUM OPINION

This lawsuit represents the third attempt by *Pro Se* Plaintiff Charles Pitt to challenge certain actions taken by or on behalf of the mortgagee on his home, BAC Home Loans Serving, LP ("BAC") (incorrectly sued as "Bank of America Home Loans Serving, LP") or its predecessor Countrywide Home Loans Servicing, LP.[1] The first suit[2] was filed in the District Court for Prince George's County, Maryland, against Bank of America Home Loans Servicing LP (apparently a misnomer), which was dismissed without prejudice.

---

[1] This suit was removed by Defendants from the Circuit Court for Prince George's County on the basis of federal question jurisdiction.

[2] *Pitt v. Bank of America Home Loans services*, Case No. 0502-0027847-2009.

The second suit is an ongoing foreclosure action in the Circuit Court for Prince George's County, Maryland, in which Edward S. Cohn, et al. have sought to foreclose on Pitt's property at 4311 Ranger Avenue, Temple Hills, Maryland 20748.[3]

In the present suit, Pitt is suing Edward S. Cohn, Cohn, Goldberg & Deutsch, LLC as Trustees for BAC under the Deed of Trust on the property now in foreclosure, and BAC.

In all of these suits, Pitt appears to be alleging that the mortgagee and/or representatives on its behalf, among other things, breached a loan modificationsd agreement, committed fraud, identify theft, and other torts, some of which appear to involve federal law.

In the foreclosure suit in Prince George's County, similar allegations made by way of motion were denied in May of 2010. That suit apparently awaits final action as to the foreclosure.

The present suit raises again all the previously asserted claims against BAC but this time against the trustees as well.

Defendants have filed a Motion to Dismiss [Document No. 5] which Pitt opposes, albeit he has done so in a pleading denominated Motion to Strike [Document No. 11], which the Court has advised him it will treat as an opposition to the Motion to Dismiss. The Court has also advised the parties that it will view Defendants' Motion to Dismiss as a Motion for Summary Judgment since it goes beyond the four corners of the Complaint.

Although the Court advised Pitt that he should respond to the Motion to Dismiss/Summary Judgment with particulars as to the torts he alleges against the trustees and the mortgagee, particulars clearly lacking in the Complaint, Pitt has failed to do so.

---

[3] *Edward S. Cohn, et al. v. Charles Pitt*, Case No. CAE10-09535.

Even so, the Court is prepared to render rulings based on the present state of the pleadings.

Among other arguments made by Defendants, they suggest that Pitt's claims in this case are *res judicata* because they were already raised and rejected in the Prince George's County foreclosure proceeding. On inquiry from the Court, Defendants refined their argument significantly, suggesting that the proceeding in Prince George's County, not having been completed, make this case more "like a *res judicata* situation."

While that is a somewhat dubious proposition, the Court need not act upon it.

The fact remains that this is one of those cases that qualifies for a stay of proceedings pursuant to the *Colorado River* doctrine. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In such instances, in the interest of "wise judicial administration," federal courts may stay a case involving a question of a federal law where a concurrent state action is pending in which the identical issues are raised.

A number of factors are relevant in determining whether a federal court should stay its proceedings per *Colorado River*.

First and foremost is whether the state court has taken control of the *res* or property that is the subject of the litigation – where it has, abstention in the federal court is indicated. *See Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

In this case a foreclosure proceeding is pending in state court involving the same property to which the loan challenged in federal court relates. Resolution of the foreclosure proceeding will necessarily take into account what Pitt's agreement with the mortgage lender is, the exact amount Pitt owes, and whether indeed Pitt is or is not in default.

The second factor bearing on abstention is whether the state and federal suits are substantially similar, abstention being proper where there is a similarity of claims and similar identity of the parties. *See Great American Ins. Co. v. Gross*, 468 F.3d 199, 208-09 (4th Cir. 2006). Here, the parties are essentially identical in both the foreclosure proceeding and the present proceeding. Certainly the Defendants Edward S. Cohn, and Cohn, Goldberg & Deutsch, LLC in the present proceedings are in privity with the lender mortgagee.

Forum shopping is also relevant and may in some cases justify *Colorado River* abstention to state court proceedings. *See Firemen's Fund Insurance Co. v. Quackenbush*, 87 F.3d 290, 297 (9th Cir. 1996). Since Defendants removed this case to federal court, this is less of a factor to consider.

Another factor in abstention analysis is whether the state and federal proceedings involve issues that could expose one or more parties to the risk of conflicting results. *See e.g. Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998). Here it is quite possible that the foreclosure proceeding could result in no liability to the mortgagee, whereas in the federal suit the result could be contrary, either as to the mortgagee or its trustees-agents.

Additionally, it is relevant to know in which forum – state or federal – proceedings were first commenced and jurisdiction first obtained. In the present suit, the foreclosure proceedings in Prince George's County clearly preceded the federal suit.

Then, too, the court considers whether state or federal law provides the rule of decision on the merits – abstention being proper where no novel issues of federal law are involved. *See Youell v. Exxon Corp.*, 74 F.3d 373, 375 (2nd Cir. 1996). No novel issues of federal law appear to be present here.

Finally, the Court considers whether the state court proceeding will adequately protect the rights of the party invoking federal jurisdiction. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983). There is no indication that, in the state foreclosure proceedings, Pitt will not be able to demonstrate what he argues is a loan modification agreement with the lender, as well as fraud and identify theft.

All these factors considered, the Court acts *sua sponte* and **STAYS** the present proceeding pending the outcome of the state foreclosure proceeding. All pending motions will be **STAYED** pending the reopening in this case.

In addition, the Court will **ADMINISTRATIVELY CLOSE** this case until further advised by the parties as to the finality of the state proceedings.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**January 25, 2011**